# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
## Beaufort Division

| | |
|---|---|
| UNITED STATES OF AMERICA, for and on behalf of ALTERNATIVE ROOFING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CCCS INTERNATIONAL, LLC, THE GRAY INSURANCE COMPANY, and THE GRAY CASUALTY & SURETY COMPANY, <br><br> Defendants. | CIVIL ACTION NO.: 9:24-cv-5714-RMG <br><br> **COMPLAINT** <br> (Miller Act Bond Claim) <br> (Breach of Contract) |

COMES NOW Plaintiff United States of America for the use and benefit of Alternative Roofing Solutions, Inc. ("Plaintiff" or "ARS"), which brings this action, by and through the undersigned counsel, and respectfully shows the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. ARS is a North Carolina corporation with its principal office located in Mecklenburg County, North Carolina.

2. Defendant CCCS International, LLC ("CCCS" or "General Contractor") is a limited liability company organized under the laws of the State of South Carolina, is in the business of general contracting, and has an office and conducts business in the State of South Carolina.

3. Defendant The Gray Insurance Company ("Gray Insurance") is a corporation organized under the laws of the State of Louisiana that is authorized to issue contract surety bonds in the State of South Carolina.

4. Defendant The Gray Casualty & Surety Company ("Gray Casualty" and collectively with CCCS and Gray Insurance, "Defendants") is a corporation organized under the laws of the State of Louisiana that is authorized to issue contract surety bonds in the State of South Carolina.

5. This claim is brought in the name of the United States of America for the use and benefit of ARS pursuant to 40 U.S.C. § 3133(b)(3)(A), and by ARS in its own right to recover amounts due pursuance to a subcontract and a Miller Act payment bond.

6. Jurisdiction is proper pursuant to 40 U.S.C. § 3131 *et seq*. (the "Miller Act") because ARS's claims asserted against Defendants arise out of a payment bond issued for the protection of all persons supplying labor and materials to carry our work under a contract for the construction, alteration, or repair of public buildings or public works of the United States.

7. Venue is proper in this District pursuant to 40 U.S.C. § 3133(b)(3)(B) because the contract giving rise to these claims was performed and executed in this District.

## FACTUAL ALLEGATIONS

8. Prior to August 10, 2023, CCCS entered into the prime contract with the United States of America (the "Government"), contract number N4008518D0630 (the "Prime Contract"), to perform construction and related work on Project X020 Repair Bldg 854 Ministry Bldg, Beaufort, SC and Parris Island, SC (the "Project").

9. As required by the Miller Act, CCCS, as principal, and Gray Insurance and Gray Casualty, as surety, provided a payment bond to the Government pursuant to 40 U.S.C. § 3131(b)(2) for the Project (the "Payment Bond"), for the benefit and protection of all persons supplying labor and materials used in performance of the Project. A true and accurate copy of the Payment Bond is attached hereto as **Exhibit A**.

10.    In connection with work on the Project, on or about August 10, 2023, CCCS entered into a subcontract with ARS (the "Subcontract") to provide certain labor, materials, and equipment relating to roof replacement for the Project.

11.    Pursuant to the terms of the Subcontract, CCCS was required to timely pay ARS for all work it performed on, and all materials it provided to, the Project.

12.    ARS supplied labor and materials on the Project, including performing all conditions precedent to receipt of full payment of the subcontract price, in full performance of its obligations under the Subcontract and as requested by CCCS.

13.    ARS provided labor and materials on the Project within one year of the date of the filing of this Complaint.

14.    Upon information and belief, CCCS has received payment from the Government for all of the work performed by ARS on the Project.

15.    In compliance with the terms of the Subcontract and CCCS's instructions, ARS has promptly and repeatedly submitted written applications to CCCS for payment for the work it has performed on the Project.

16.    The outstanding unpaid principal balance owed to ARS pursuant to the Subcontract is $259,038.03.

17.    CCCS has failed and refused to pay ARS the amounts owed to ARS pursuant to the Subcontract and paid to CCCS by the Government for the work performed by ARS.

18.    Gray Insurance and Gray Casualty have failed and refused to pay ARS the amounts owed to ARS pursuant to the Payment Bond for the work performed by ARS.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract - CCCS)**

19. ARS incorporates by reference the preceding paragraphs above as if fully set forth herein.

20. The Subcontract constitutes a valid and binding contract between CCCS and ARS.

21. ARS has furnished all labor and materials to the Project as required under the Subcontract and otherwise performed all its obligations and met all conditions precedent entitling it to full payment under the Subcontract.

22. CCCS has breached the Subcontract by failing and refusing to pay ARS the amounts owed to ARS pursuant to the Subcontract.

23. As a result of the breach by CCCS of the Subcontract, ARS has been damaged in an amount to be proven at trial but no less than $259,038.03, plus penalties pursuant to the Subcontract, pre-judgment interest from the date of the breach and post-judgment interest from the date judgment is entered until paid in full.

## SECOND CLAIM FOR RELIEF
**(Miller Act Payment Bond – Gray Insurance and Gray Casualty)**

24. ARS incorporates by reference the preceding paragraphs above as if fully set forth herein.

25. ARS properly and promptly submitted written applications for payment to CCCS related to ARS's work on the Project pursuant to the Subcontract.

26. CCCS has failed and refused to pay ARS all amounts owed for the labor and materials ARS provided for the Project pursuant to the Subcontract.

27. More than ninety (90) days and less than one (1) year have elapsed since the last of the labor was performed or materials were supplied by ARS relating to the Project and the Subcontract.

28. Pursuant to 40 U.S.C. § 3133(b)(1) and the terms of the Payment Bond, ARS is entitled to recover from Defendants, jointly and severally, the outstanding unpaid balance owed to it pursuant to the Subcontract.

29. As a direct and proximate result of the CCCS's failure to pay ARS for its labor, materials and services provided in connection with the Subcontract, and pursuant to the terms of the Miller Act, ARS is entitled to the payment of $259,038.03 from Gray Insurance and Gray Casualty.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Award Plaintiff its damages against Defendant CCCS for breach of contract in an amount no less than Two Hundred Fifty-Nine Thousand Thirty-Eight Dollars and 03/100 ($259,038.03), plus penalties pursuant to the Subcontract, pre-judgment interest from the date of the breach and post-judgment interest from the date judgment is entered until paid in full;

B. Award Plaintiff its damages against Defendants, jointly and severally, for violation of 40 U.S.C. § 3131 *et seq.* in an amount no less than Two Hundred Fifty-Nine Thousand Thirty-Eight Dollars and 03/100 ($259,038.03), plus penalties pursuant to the Subcontract, pre-judgment interest from the date of the violation and post-judgment interest from the date judgment is entered until paid in full;

C. Tax the costs of this action against Defendants, jointly and severally;

D. Award Plaintiff its attorneys' fees to the fullest extent allowable by law; and

E. Grant such other and further relief to Plaintiff as the Court deems just and proper.

**RAYBURN COOPER & DURHAM, P.A.**

s/ Matthew L. Tomsic
Matthew L. Tomsic (Fed. ID No. 13157)
227 W. Trade St. Suite 1200
Charlotte, NC 28202-1672
Telephone: (704)334-0891
Facsimile: (704)377-1897
Email: mtomsic@rcdlaw.net
*ATTORNEY FOR PLAINTIFF*

October 9, 2024
Charlotte, North Carolina